UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TYRONE STRICKLAND,
   Plaintiff,

vs.                                    No. 07-1073

ROD BLAGOJEVICH, et al.,
   Defendants.

## CASE MANAGEMENT ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

      The plaintiff, Tyrone Strickland, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named eight defendants including Governor Rod Blagojevich, Illinois Department of Corrections Director Roger Walker, Medical Director Dennis Larson, the Illinois Department of Corrections, Warden Eddie Jones, Former Warden Guy Pierce, Dr. Zhang and Dr. Vade.

      The plaintiff has submitted a rambling, eight-page, handwritten complaint and has attached 32 pages of exhibits. It is difficult to discern what claims the plaintiff is attempting to state in his complaint. In the "relief requested" portion of his complaint, the plaintiff first asks that Governor Blagojevich sign an order releasing him from prison. This is not an appropriate form of relief for a §1983 lawsuit. The plaintiff then asks for "compensatory damages for settlement agreement," back pay and other damages due to "eighteen years" of deliberate indifference to his back pain.

      The plaintiff states that he has suffered from chronic back pain and points the court to a copy of a former lawsuit as "evidence" of his claim. The plaintiff has attached a December 14, 1993 order issued in *Strickland v. Petters,* 90 cm 2280. The court granted summary judgement for the defendants and stated that the voluminous medical record showed the plaintiff had been seen by medical personnel over 100 times in a year and a half period. Extensive testing was done to determine the cause of various ailments, but the court stated that the medical record suggested that the plaintiff was a hypochondriac. (Exhibit S, p. 5)

      In the case before the court, the plaintiff appears to claim that he has now been diagnosed with a muscular disease and states that he has failed to receive the "proper meds, etc, treatment" for his pain at Pontiac Correctional Center. (Comp, p.5) Specifically, the plaintiff says Dr. Zhang discontinued his treatment for back pain. Dr. Larsen failed to prescribe the appropriate medicine

1

and ignored his sick call requests and Dr. Vade refused to provide a treatment plan. *Id*.

To establish a violation of his Eighth Amendment rights, the plaintiff must pass both an objective and a subjective test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id*. The plaintiff must also show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42). Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. *Ford v. Page*, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001).

For the purposes of notice pleading, the plaintiff has adequately alleged that Defendants Vade, Shang and Larsen failed to provide him treatment for back pain and muscular disease. Based on the exhibits attached to the complaint, it is possible the plaintiff is simply disagreeing with the treatment he has been provided rather than claiming he has not been provided any treatment. The plaintiffs and the defendants will have to clarify the record on this point.

As far as the other named defendants, the plaintiff says they are all liable "by knowledge and acquiescence." (Comp., p.5) "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981). In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The Governor of the State of Illinois has no personal responsibility for the claims in the plaintiff's complaint. The court will dismiss this defendant. It is difficult for the court to see that the Illinois Department of Corrections Director or the wardens had any personal responsibility for the plaintiff's allegations, but since the plaintiff is proceeding pro se, the court will allow the claim to proceed against these individuals until the record is more fully developed.

The plaintiff has also named the Illinois Department of Corrections as a defendant, but his complaint states no official capacity claims. The court will dismiss this defendant and any intended official capacity claims.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims against the defendants in their individual capacities:**

> **Defendants Roger Walker, Dennis Larson, Eddie Jones, Warden Guy Pierce, Dr. Zhang and Dr. Vade violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.**

2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk of the court is directed to dismiss Defendant Governor Rod Blagojevich and the Illinois Department of Corrections.

3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4)  After the plaintiff satisfies any deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    Entered this   20th   Day of April, 2007.


                                s\Harold A. Baker

                                HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE